UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David Stevens (Attorney ID 0344220047)
Counsel to Debtor

**Order Filed on August 16, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Michael & Robin Kalfus,

                              Debtor.

| | |
|---|---|
| Case No.: | 18-13396 |
| Chapter: | 11 |
| Judge: | VFP |

## LOSS MITIGATION ORDER

The relief set forth on the following pages, numbered 2 and 3, is hereby **ORDERED**.

**DATED: August 16, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

☑  A Notice of Request for Loss Mitigation was filed by the debtor on _____7/20/2018_____ .

❑   A Notice of Request for Loss Mitigation was filed by the creditor, _____ on

_____.

❑  The court raised the issue of Loss Mitigation, and the parties having had notice and an opportunity to
object, and the Court having reviewed any objections thereto.

The Request concerns the following:

Property:  106 Brookside Drive Killington, VT 05751

Creditor:  Bayview Financial Loan

❑  It is hereby ORDERED that the Notice of Request for Loss Mitigation is denied.

☑  It is hereby ORDERED that the Notice of Request for Loss Mitigation is granted, and:

- The debtor and creditor listed above are directed to participate in Loss Mitigation and are bound
  by the court's *Loss Mitigation Program and Procedures* (LMP).

- The Loss Mitigation process shall terminate on ____11/16/2018____ (90 days from the date of the
  entry of this order, unless extended as set forth in Section IX.B. of the LMP.

- The debtor must make adequate protection payments to the creditor during the Loss Mitigation
  Period in the amount set forth in the *Notice and Request for Loss Mitigation*. See Sections
  V.A.1.a and VII.B. of the LMP.

- If a relief from stay motion pursuant to section 362(d) is pending upon entry of this Order or if
  such a motion is filed during the loss mitigation period, the court may condition the stay upon
  compliance by the debtor with the fulfillment of the debtor's obligations under the Loss Mitigation
  Order. If the debtor fails to comply with the loss mitigation process and this Order, the creditor
  may apply to terminate the Order as specified in Section IX.C of the LMP and to obtain relief from
  the stay.

- Within 14 days of termination of the loss mitigation period, the debtor must file with the court and
  serve all interested parties, the Local Form, *Loss Mitigation Final Report* as set forth in Section
  VII.C. of the LMP.

- Extension of the LMP may be requested as specified in Section IX.B of the LMP.

- The entry of this order does not reinstate the automatic stay.

2

☑ It is ORDERED that parties shall utilize the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall ensure that it is registered on the loss mitigation portal and that all of its initial loss mitigation document requirements are available on the portal.

- Within 35 days of the date of this order, the debtor shall upload and submit through the loss mitigation portal a completed Creditor's Initial Package.

- Within 10 business days of the debtor's submission of the Creditor's Initial Package, the creditor shall acknowledge receipt of same and designate the single point of contact for debtor's review.

❑ It is ORDERED that the debtor is excused from use of the Loss Mitigation Portal during the Loss Mitigation Period, and it is further ORDERED that:

- Within 14 days of the date of this order, the creditor shall designate a single point of contact, including the name and contact information of the contact and shall specify to the debtor the forms and documentation the creditor requires to initiate a review of the debtor's loss mitigation options.

- Within 21 days after receipt of the creditor's specifications regarding forms and documentation, the debtor shall provide the requested information.

- Within 10 business days of the debtor's submission, the creditor shall acknowledge receipt of the documentation.

*Revised 9/19/13*

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-13396-VFP
Michael Kalfus                                                            Chapter 7
Robin Kalfus
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin            Page 1 of 1          Date Rcvd: Aug 17, 2018
                             Form ID: pdf903         Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2018.
db/jdb        +Michael Kalfus,  Robin Kalfus,  7 Lakeview Terrace,  Montville, NJ 07045-9158

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2018                              Signature:  /s/Joseph Speetjens

_____

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 17, 2018 at the address(es) listed below:
          Anthony  Sodono, III   on behalf of Joint Debtor Robin  Kalfus asodono@trenklawfirm.com
          Anthony  Sodono, III   on behalf of Debtor Michael  Kalfus asodono@trenklawfirm.com
          Anthony  Sodono, III   on behalf of Defendant Michael  Kalfus asodono@trenklawfirm.com
          Anthony  Sodono, III   on behalf of Defendant Robin  Kalfus asodono@trenklawfirm.com
          Anthony  Sodono, III   on behalf of Defendant Michael and Robin  Kalfus asodono@trenklawfirm.com
          Charles Michael Rowan   on behalf of Creditor Albert  Kenney mrowan@saul.com
          Christian  Del Toro  on behalf of Creditor   Haven Savings Bank cdeltoro@martonelaw.com,
           mrozea@leopoldassociates.com;bky@martonelaw.com
          David  Gerardi   on behalf of U.S. Trustee   U.S. Trustee david.gerardi@usdoj.gov
          Denise E. Carlon   on behalf of Creditor   VW Credit Leasing, Ltd dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Forrest Scott Turkish   on behalf of Attorney Forrest  Turkish fsturkish@aol.com
          Frank J Martone   on behalf of Creditor   Haven Savings Bank bky@martonelaw.com
          Guillermo  Gonzalez   on behalf of Joint Debtor Robin  Kalfus ggonzalez@scuramealey.com,
           ecfbkfilings@scuramealey.com;ascolavino@scuramealey.com;tscialla@scuramealey.com;mmack@scura.com
          Guillermo  Gonzalez   on behalf of Debtor Michael  Kalfus ggonzalez@scuramealey.com,
           ecfbkfilings@scuramealey.com;ascolavino@scuramealey.com;tscialla@scuramealey.com;mmack@scura.com
          John  O'Boyle   on behalf of Plaintiff   Osborn Financial Group, LLC joboyle@norgaardfirm.com,
           sferreira@norgaardfirm.com;crose@norgaardfirm.com;184grandno@gmail.com
          John A. Fialcowitz   on behalf of Plaintiff   Fishman consulting group, llc john@fialcowitzlaw.com
          Joseph L. Schwartz   on behalf of Interested Party   The County of Morris, Morris County
           Sheriff's Office jschwartz@riker.com
          Matteo  Percontino   on behalf of Creditor    Lakeland Bank matteo.percontino@klgates.com,
           matteo.percontino@klgates.com
          Melissa S DiCerbo   on behalf of Creditor   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
           AS TRUSTEE (CWALT 2005-J9) nj-ecfmail@mwc-law.com,  nj-ecfmail@ecf.courtdrive.com
          Rebecca Ann Solarz   on behalf of Creditor   VW Credit Leasing, Ltd rsolarz@kmllawgroup.com
          Steven P. Kartzman   kartztee@optonline.net,
           jzapata@msklaw.net;nj16@ecfcbis.com;jloewenstein@msklaw.net
          Steven P. Kartzman   on behalf of Trustee Steven P. Kartzman kartztee@optonline.net,
           jzapata@msklaw.net;nj16@ecfcbis.com;jloewenstein@msklaw.net
          U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
          William L. Waldman   on behalf of Creditor   Lakeland Bank william.waldman@klgates.com,
           waldmanw@aol.com
                                                                                   TOTAL: 23