*Mellinger, Sanders & Kartzman, LLC*

ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

(973) 267-0220

FAX (973) 267-3979

LOUIS P. MELLINGER
MICHAEL S. SANDERS
STEVEN P. KARTZMAN
JOSEPH R. ZAPATA, JR.
JUDAH B. LOEWENSTEIN
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN
TERRI JANE FREEDMAN
JOSÉ R. TORRES

Essex County Office
46 Essex Street
Millburn, N.J. 07041
(973) 218-0220

www.msklawyers.com

E-MAIL   SKARTZMAN@MSKLAW.NET
         JZAPATA@MSKLAW.NET
         JLOEWENSTEIN@MSKLAW.NET

**PLEASE RESPOND TO:**
 MORRIS PLAINS

August 31, 2018

**<u>VIA EMAIL AND ECF</u>**
Honorable Vincent F. Papalia
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
P.O. Box 1352
Newark, New Jersey 07101-1352

Re:   Michael Kalfus and Robin Kalfus
      <u>Case No. 18-13396 (VFP)</u>

      Motion for an Order Excluding the Sheriff's
      <u>Commission from the Sale of Real Property</u>

      <u>Hearing Date</u>: September 5, 2018 @ 10:00 a.m.

Dear Judge Papalia:

This firm represents Steven P. Kartzman, the Court-appointed Chapter 7 Trustee (the "Trustee") in the above-referenced bankruptcy case. Please accept this letter brief in reply to the objection (the "Objection") filed by The County of Morris, Morris County Sheriff (the "Sheriff") to the motion filed by the then Chapter 11 debtors, Michael Kalfus and Robin Kalfus (the "Debtors"), for an order excluding the Sheriff's statutory commission from the sale of real property (the "Motion") in this recently converted case.

**<u>Background Facts</u>**

Based upon the facts as presented by the Debtors and the Sheriff in their respective pleadings, pre-petition Haven Savings Bank ("Haven") obtained a foreclosure judgment against

the Debtors' real property located at 68 Hillcrest Road, Boonton, NJ (the "Property"). A sheriff's sale of the property was thereafter scheduled for January 11, 2018. The sheriff sale was subsequently adjourned two times by the Debtors, resulting in a date for the sheriff's sale of February 22, 2018. On February 22, 2018, the date of the scheduled sale, the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On March 2, 2018, while operating as debtors-in-possession, the Debtors filed a motion to approve a sale of the Property (the "Sale Motion"). An objection to the sale was filed by Haven as the motion did not provide for the payment of any commissions to the Sheriff pursuant to N.J.S.A. § 22A:4-8. At the hearing on the Sale Motion, the Court directed that an amount sufficient to pay the commission be held in escrow pending the filing and adjudication of the current Motion. An order reflecting the same was entered by the Court on March 27, 2018.

On April 18, 2018, the Debtors filed the current Motion for entry of an order determining that the proposed sale did not constitute a settlement for the purposes of N.J.S.A. § 22A:4-8, and that the Sheriff was not entitled to any commission from the sale.

Following subsequent adjournments of the hearing date for the Motion, on June 26, 2018, the Debtors filed a motion to convert their case to one under Chapter 7. On the same date, the Sheriff filed its Objection to the Motion. On August 1, 2018, an order was entered converting the Debtors' case.

On August 6, 2018, Steven P. Kartzman was appointed as Trustee with the duty, pursuant to 11 U.S.C. § 704 to, among other things, collect and reduce to money the property of the estate. As the court-appointed trustee, the Trustee has stepped into the shoes of the Debtor as the party in interest prosecuting the current Motion.

### The Current Status of the Case Law

The Trustee acknowledges that the current case law on the issue is sparse with only four opinions having been issued in this District by three different Bankruptcy Court Judges: a) In re Bejjani, 2003 Bankr. LEXIS 2150 (Bankr. D.N.J. September 2, 2003)(Honorable Donald H. Steckroth); b) In re Loehwing, 320 B.R. 281 (Bankr. D.N.J. 2005)(Honorable Raymond T. Lyons); c) In re Dominguez, 2006 Bankr. LEXIS 4092 (Bankr. D.N.J. April 7, 2006)(Honorable Novalyn L. Winfield); and d) In re Jones, 2008 Bankr. LEXIS 4296 (Bankr. D.N.J. August 13, 2008)(Honorable Donald H. Steckroth). The applicable case law has been addressed at length in the Motion and Objection.

The language of N.J.S.A. § 22A:4-8 is "decidedly unclear". Regency Sav. Bank, F.S.B. v. Southgate Corporate Office Center, 33 N.J. Super. 420, 425 (N.J. App. Div. 2006). Accordingly, the Court "must go beyond the plain meaning to discover the legislative intent and to achieve common sense in context." Id. The statute must be read to:

> "effectuate the legislative intent in light of the language used and the objectives sought to be achieved.'" In re Adoption of N.J.A.C. 7:1I, 149 N.J. 119, 127-28, 693 A.2d 97 (1997) (quoting Merin v. Maglaki, 126 N.J. 430, 435, 599 A.2d 1256 (1992)) (internal

> quotations omitted). Moreover, "the inquiry in the ultimate analysis is to determine the true intention of the law; and to this end, the particular words are to be made responsive to the essential purpose of the law." Jimenez v. Baglieri, 152 N.J. 337, 351, 704 A.2d 1285 (1998) (quoting Wollen v. Borough of Fort Lee, 27 N.J. 408, 418, 142 A.2d 881 (1958)). Ultimately, statutes "are to be read with a modicum of common sense to insure that the purpose of the Legislature is upheld and preserved." Friends of Dinky Woods v. Township of West Windsor, 291 N.J. Super. 325, 333, 677 A.2d 289 (Law Div.1996).

Jacoby v. Eseo, 329 N.J. Super. 119, 122 (App. Div. 2000). While the case law authority construing N.J.S.A. § 22A:4-8 is sparse, "the few reported cases endeavor to strike a balance between ensuring that a Sheriff receive compensation, and ensuring that no windfall results in favor of the Sheriff." Dominguez, 2006 Bankr. LEXIS 4092 * 3. "One principle that remains constant in the interpretation of the statute is that the sheriff may not benefit or garner a windfall at the expense of a creditor where the facts do not support such a result. Bejjani, 2003 Bankr. LEXIS 2150, at *12 (citing Jacoby v. Eseo, 329 N.J. Super. 119, 746 A.2d 1069 (App. Div. 2000)).

In support of its Objection, the Sheriff attempts to have this Court look to the holding in Loehwing to the exclusion of the reasoning and rulings by the Courts in Bejjani, Dominguez and Jones. While the Sheriff addresses the fact that such opinions are unpublished, none of the opinions, including Loehwing, are binding upon this Court. Further, the fact that such opinions are unpublished does not diminish the importance of the logic and reasoning espoused by both Judge Winfield and Judge Steckroth in rendering their opinions. As addressed further infra, it is respectfully submitted that the reasoning of the Courts in Bejjani, Dominguez and Jones are reflective of public policy and the federally afforded right to file for bankruptcy protection. It should be further noted that the facts in Bejjani are most akin to the case at hand as Bejjani also involved the sale of property, shortly after the petition was filed, while the case was in Chapter 11, with a subsequent conversion to Chapter 7.

While the Sheriff attempts to argue that the facts in Jones and Dominguez are distinguishable as those cases involved Chapter 13 debtors who sought to reinstate mortgages and cure past due arrears, as opposed to a sale as in the present case, this argument is misplaced. First, the Debtors initially filed for Chapter 11, with the Property being sold while the Debtors' case was in Chapter 11. As a Debtor in Chapter 11, the Debtor was afforded the same opportunity, like a Chapter 13 debtor, to propose a plan to reinstate the mortgage and cure the arrears. The fact that the Property was sold by the Debtor in Chapter 11, as opposed to a reinstatement of the mortgage, should not be a distinguishing factor as to whether or not there was a "settlement" for the purposes of the Sheriff receiving a commission pursuant to a state statute. Rather the ability to resolve a mortgage default by payment or reinstatement under a cure plan only arises due to the rights provided to debtors by Congress, pursuant to the Bankruptcy Code. Accordingly, both paths only arise pursuant to federal law.

In reality, one can argue that the filing of a Chapter 13 petition and a plan to reinstate the mortgage and cure the arrears is more akin to a settlement with the secured lender than a post-petition sale. A plan, like a settlement, is a proposal to the debtor's creditors of how the debtor

intends to repay its obligations, while keeping its assets, such as a residence.  Creditors are afforded an opportunity to object to the plan and the proposed treatment of their claims, with the Bankruptcy Court ultimately determining whether or not the debtor's proposed treatment is acceptable.  In Dominguez, Judge Winfield rightly determined that "[t]o construe [the debtor's] Chapter 13 case as a "settlement" for the purposes of N.J.S.A. 22A:4-8 is not reasonably within the intent of the statute and would produce a windfall to the Sheriff."  Dominguez, 2006 Bankr. LEXIS 4092 * 7.  Likewise, to construe the Debtors' Chapter 11 case as a "settlement" for the purposes of N.J.S.A. 22A:4-8 is not reasonably within the intent of the statute and would produce the same windfall to the Sheriff at the obvious expense to creditors of the Debtors' estate.

"[T]he Bankruptcy Code provides the Debtor with a federal forum for satisfying her obligations … it is inequitable to conclude that a one-half commission accrues to the Sheriff every time a Debtor files a Chapter 13 case and invokes the automatic stay to prevent the foreclosure sale from going forward."  Dominguez, 2006 Bankr. LEXIS 4092 * 8.  The Bankruptcy Code provided the Debtors in this case with the same federal forum for satisfying their obligations.  Upon the Debtors' filing for Chapter 11 relief, "the Property became part of the bankruptcy estate and subject to this Court's jurisdiction." Bejjani, 2003 Bankr. LEXIS 2150 * 7.  The Sheriff's actions in this case were stayed by the bankruptcy filing, the Property fell under the jurisdiction of the Bankruptcy Court and the sale of the Property was ordered pursuant to the Bankruptcy Code.  As held by the Court in Bejjani, N.J.S.A. 22A:4-8 does not apply to a sale approved by the Bankruptcy Court after a petition has been filed. Bejjani, 2003 Bankr. LEXIS 2150 * 13.

It is respectfully submitted that it would be inequitable to follow the holding in Loehwing and conclude that a one-half commission accrued to the Sheriff based purely upon the Property being sold in exercise of the Debtors' rights under the Bankruptcy Code, when the case law suggests that had the Debtors' chosen to reinstate the mortgage and cure the arrears under the same Bankruptcy Code, the commissions would not accrue.  It is hard to contemplate how a sale, resulting in the loss of the Property by the Debtors would constitute a settlement and reasonably fall within the intent of the statute, yet a plan to keep the Property, reinstate the mortgage and cure the arrears would not.  The Sheriff provides no basis for why one should fall under the broad definition of settlement while the other does not.  That is because there should be no distinction between the two.  As properly held by the Court in Bejjani, the sale of the property did not constitute a settlement for purposes of N.J.S.A. § 22A:4-8 and should not constitute one here.  See Bejjani, 2003 Bankr. LEXIS 2150 * 13.  "To rule differently would reward the Sheriff an impermissible windfall from the bankruptcy estate." Bejjani, 2003 Bankr. LEXIS 2150 * 13.

Wherefore, for the reasons as set forth above, the Trustee submits that the Court should enter an order granting the Motion finding that the Sheriff is not entitled to a commission pursuant to N.J.S.A. § 22A:4-8.

    Respectfully yours,

    */s/ Joseph R. Zapata, Jr.*

    Joseph R. Zapata, Jr.

JRZ/
cc:    Joseph L. Schwartz, Esq., Counsel for The County of Morris, Morris County Sheriff (via email and ECF)
Anthony Sodono III, Esq., Counsel for the Debtors

Case 18-13396-VFP    Doc 97    Filed 08/31/18    Entered 08/31/18 13:14:37    Desc Main
Document    Page 5 of 5

Hon. Vincent F. Papalia
August 31, 2018
Page 5