**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

|  |  |
|---|---|
| In re:<br><br>**MICHAEL KALFUS AND ROBIN KALFUS**,<br><br>                Debtor. | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>Case No. 18-13396 (VFP)<br><br>Chapter 7<br><br>Honorable Vincent F. Papalia |

### APPLICATION FOR ENTRY OF A CONSENT ORDER FOR THE TURNOVER OF FUNDS TO THE CHAPTER 7 TRUSTEE

TO:    **THE HONORABLE VINCENT F. PAPALIA**
        **UNITED STATES BANKRUPTCY JUDGE**

Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger, Sanders & Kartzman, LLC, hereby applies to this Court for entry of a Consent Order for the Turnover of Funds to the Chapter 7 Trustee, and in support thereof, respectfully states:

1.    On February 22, 2018 (the "Petition Date"), Michael and Robin Kalfus (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    On March 2, 2018, while operating as debtors-in-possession, the Debtors filed a motion to approve a sale of the Debtors' real property located at 68 Hillcrest Road, Boonton, NJ (the "Property").  On March 27, 2018, an order was entered approving the sale.  In addition to approving the sale, the order further directed that certain of the proceeds of sale be held in escrow pending the filing of a motion and adjudication by the Court on the issue of whether or not the sheriff was entitled to a commission from the proceeds of the sale pursuant to N.J.S.A. § 22A:4-8 (the "Escrowed Funds").

3.      On August 1, 2018, an order was entered converting the Debtors' case to one under Chapter 7.

4.      On August 6, 2018, Steven P. Kartzman was appointed as the Chapter 7 Trustee with the duty pursuant to 11 U.S.C. § 704 to collect and reduce to money the property of the estate.

5.      On August 14, 2018, a substitution of attorney was filed substituting Trenk, DiPasquale, Della Fera & Sodono, P.C. ("Trenk DiPasquale") in place of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP ("Scura Wigfield") as Debtors' counsel.

6.      Scura Wigfield is presently holding the sum of $66,961.62, representing the net proceeds of the sale of the Property, as well as, the Escrowed Funds, in the sum of $17,030.86.

7.      The Trustee has requested the turnover of the funds held by Scura Wigfield, who has expressed reluctance in turning over the funds absent consent of the Debtors.

8.      To avoid the cost of filing and pursuing a motion for turnover, the Trustee and the Debtors have entered into the proposed consent order submitted simultaneously herewith (the "Consent Order") for the turnover of the funds.

9.      No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee requests the entry of the Consent Order in the form and manner as submitted to the Court.

Respectfully Submitted,

MELLINGER, SANDERS & KARTZMAN, LLC
Attorneys for Steven P. Kartzman as Chapter 7 Trustee

By:____/s/ Joseph R. Zapata, Jr._____
            Joseph R. Zapata, Jr. Esq.

Dated:  September 7, 2018

2