UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY
_____

Caption in Compliance with D.N.J. LBR 9004-2(c)

Christian Del Toro, 210132016
FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ 07003
(973) 473-3000
ATTORNEYS FOR SECURED
CREDITOR/SERVICING AGENT
HAVEN SAVINGS BANK
27.0908

In re:

MICHAEL KALFUS AND ROBIN KALFUS

Case No. 18-13396

Hearing Date: January 14, 2020

Judge: Hon. Vincent F. Papalia

Chapter 7

**OPPOSITION IN RESPONSE TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) FIXING THE AMOUNT OF HAVEN SAVINGS BANK'S CLAIM AS OF APRIL 13, 2018 PURSUANT TO FED. R. BANKR. P. 3007 AND 11 U.S.C. SECTION 502; AND (II) FOR TURNOVER OF OVERPAYMENT TO THE ESTATE PURSUANT TO 11 U.S.C. SECTION 542(A)**

On behalf of Haven Savings Bank, (hereinafter "Secured Creditor") of a mortgage on the Debtor's property, 68 Hillcrest Road, Boonton, New Jersey 07005, Christian Del Toro, Esq., an Associate for FRANK J. MARTONE, P.C., hereby objects to the Motion for Entry of an Order (I) Fixing the Amount of Haven Savings Bank's Claim as of April 13, 2018 Pursuant to Fed. R. Bankr. P. 3007 and 11 U.S.C. Section 502; and (II) for Turnover of Overpayment to the Estate Pursuant to 11 U.S.C. Section 542(a) for the following:

1.  Secured Creditor held the first mortgage lien on the Debtor's Real Property known as 68 Hillcrest Road, Boonton, New Jersey 07005.

2.  Secured Creditor commenced its foreclosure action on February of 2017. On February 21, 2017, a foreclosure complaint was filed under docket number F-004275-17. On October 11, 2017, the State Court entered an uncontested order for Final Judgment for $632,944.48.

3.  After the entry of Final Judgment, Secured Creditor paid real estate taxes in the amount of $8,216.99. A Motion for Additional Relief was filed by Secured Creditor was in the state court action on December 11, 2017. On December 27, 2017, the Court entered an Order directing the payment of Additional Sums to be paid to

Creditor in the amount of $8,216.99.  Attached hereto as **Exhibit A** is a true copy of the Order directing Sheriff to pay Additional sums to plaintiff.

4. The Debtor filed the current bankruptcy case, 18-13396, under Chapter 11 of the Bankruptcy Code On February 22, 2018.

5. On March 2, 2018, the Debtor filed a Motion to Sell Property Free and Clear of Liens under Section 363(f) the property located at 68 Hillcrest Road, Boonton, New Jersey 07005.

6. On March 13, 2018, the Secured Creditor filed a limited objection to correct the payoff amount owed to Secured Creditor from $655,862.06 stated in the motion to the correct amount as of March 12, 2018 in the amount of $681,802.65.

7. On March 16, 2018 the Debtor filed a Response to the Secured Creditor's Opposition to the Motion to Sell. On March 27, 2018, the Court granted the Motion to Sell Property Free and Clear of Liens under Section 363(f). Under this order the Court allowed the entire claim owed to Secured Creditor.

8. On April 11, 2018, the Debtor proceeded to sell the property for a total of $849,000.00 to a good faith purchaser. As a result of the sale, Secured Creditor received their payoff not the judgment in the amount of $671,699.25. Note this amount was calculated based on a reduction of the amount for the Sheriff's Commission, which was the subject of a separate motion in the Chapter 11 bankruptcy, and interest due up to the date of the closing.

9. On April 13, 2018, Secured Creditor filed a Motion to Vacate the Judgment as the Debtor had paid off the Mortgage and was to receive a Discharge of Mortgage and not a satisfaction of the judgment. The Court granted the Order to Vacate the Judgment on May 3, 2018.

10. On August 9, 2018 the Chapter 11 bankruptcy case converted to Chapter 7 under the Bankruptcy Code.

11. On November 16, 2018, the Court entered an order discharging the bankruptcy case.

12. On September 26, 2019 Secured Creditor's counsel responded to the Trustee's request for information and explanation of Trustee's error in calculation.  Trustee asserts that the letter is attached as Exhibit F however no Exhibit F was attached. A copy of the correspondence is attached hereto as **Exhibit B**.

13. Subsequent to the September 26, 2019 communication, Trustee and Secured Creditor's counsel had no further communication prior to filing of the subject motion.

14. The Chapter 7 Trustee filed the current motion on December 6, 2019.

15. The Secured Creditor has not received an overpayment that should be turned over pursuant to 11 U.S.C. Section 542(a).

16. During the Chapter 11, the Debtor in Possession acting with the powers of a Trustee under 11 USC 363 and 1107 filed a Motion to Sell the Property. The Court reviewed the matter, which included a full payoff statement to Plaintiff, as well as the objection filed by the Secured Creditor and ruled that the Motion to Sell was proper. The Court also allowed the payoff to be paid to the Creditor in the Order granting the Motion to Sell.

17. The Debtor did not file an objection to the payoff amount provided by Secured Creditor, rather the Debtor objected solely to the Sheriff's Commission amount which was resolved in a later action.

18. If the intent of the Debtor would have been to only receive a satisfaction of judgment, the Debtor and their counsel would have responded to the Secured Creditor's Objection to the Motion to Sell by arguing that the correct amount owed to Secured Creditor was the Final Judgment figure. The Debtor's objection only addressed the Sheriff's Commission not the use of a payoff versus the final judgment.

19. Debtor requested and a discharge of the mortgage was provided.  If the debtor was merely satisfying the final judgment, he would only be entitled to a satisfaction of judgment, not a satisfaction of mortgage as that what was provided.  Secured Creditor also vacated the final judgment, in state court as required by virtue of receiving the full payoff.  Attached hereto as Exhibit C is a true copy of the Order Vacating the Final Judgment.

20. Furthermore, at every step the Debtor and their counsel was in contact with Secured Creditor and they never mentioned using the final judgment amount rather they always requested a payoff and wanting a full discharge of the mortgage.

21. Why would the Secured Creditor move to vacate the Final Judgment after the sale of the property if the parties had not agreed to discharge the mortgage and cancel the note upon receipt of the full payoff?

22. Another error with the Chapter 7 Trustee's filing is that their calculation of the final judgment is incorrect.  The Trustee's calculation is incorrect because he fails to include interest on the Taxed costs and the Order for additional sums entered on December 11, 2017.  The total amount to satisfy the final judgment as of April 13, 2018 would have been $665,080.84.  (calculation explained below)

| Pre- Judgment | Amount | Interest from | Interest to | Total Days | Rate | Daily amount |
|---|---|---|---|---|---|---|
| Mtg Princ. Bal | $603,334.29 | 06/13/17 | 10/11/17 | 121 | 4.250% | $70.25 |
| Interest | $8,500.25 | | | | | |

| Post- Judgment | Amount | Interest from | Interest to | Total Days | Rate | Daily amount |
|---|---|---|---|---|---|---|
| Final Judgment | $632,944.48 | 10/12/17 | 04/13/18 | 184 | 2.500% | $43.35 |
| FJ interest | $7,976.40 | | | | | |
| Total Interest | $16,476.65 | | | | | |
| FJ + Interest | $649,421.13 | | | | | |

| Taxed Costs | $7,289.44 | 10/12/17 | 04/13/18 | 184 | 2.500% | $0.50 |
|---|---|---|---|---|---|---|
| Taxed Costs Interest | $92.00 | | | | | |
| Taxed costs + Interest | $7,381.44 | | | | | |

| Additional sums 1 | $8,216.99 | 12/27/17 | 04/13/18 | 108 | 2.500% | $0.56 |
|---|---|---|---|---|---|---|
| Interest | $60.48 | | | | | |
| Add sums + interest | $8,277.47 | | | | | |

| Sub total | $665,080.04 |
|---|---|

23. There is no reason to grant the Chapter 7 Trustee's motion especially since the Debtor has already received a discharge in the Chapter 7 case and they agreed to pay the payoff amount. This is not an overpayment. If the Debtor were still paying their mortgage or they reinstated all of the charges in the payoff would have been included.

24. To grant the trustee's motion would allow for an inequitable result as the Creditor is forced to accept less than their payoff even though the Debtor is agreeing to pay the total payoff and was provided a discharge. Is not the purpose of the courts of equity and the Bankruptcy Court to make parties as whole as possible?

25. The parties in this matter from the Debtor, Debtor's Counsel, Secured Creditor and the Court acted in good faith in allowing the motion to sell and allowing the Debtor to pay off the Secured Creditor. Therefore, it is requested that this Honorable Court deny the Chapter 7 Trustee's motion.

FRANK J. MARTONE, P.C.

Dated:  January 7, 2020          By: _____
                                          Christian Del Toro, Esq.

# EXHIBIT A

Dennis P. Uhlmann. Jr., Esq. - #058652013
FRANK J. MARTONE, P.C.                              27.0908
1455 BROAD STREET
BLOOMFIELD, NJ  07003
973-473-3000
Attorneys for Plaintiff

| | |
|---|---|
| HAVEN SAVINGS BANK<br><br>Plaintiff<br><br>vs.<br><br>MICHAEL D. KALFUS, et al.<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MORRIS COUNTY<br><br>Docket No.: F-004275-17<br><br>Civil Action<br><br>**ORDER DIRECTING SHERIFF TO PAY<br>ADDITIONAL SUMS TO PLAINTIFF** |

This matter having been brought before the Court by Frank J. Martone, P.C., attorneys for plaintiff and the Court having read and considered the Certification filed herein and for good cause shown;

IT IS on this _____27th_____ day of _____December_____, 20__17_____;

ORDERED that the Sheriff of Morris County pay the plaintiff, in addition to the amount adjudged to be paid to the plaintiff as directed by the Writ of Execution, the sum of **$8,216.99**, which represents advances made by the plaintiff to preserve the security of plaintiff's mortgage; and it is further

ORDERED that this Order will only be effective upon its entry and delivery to the Sheriff prior to the foreclosure sale; and it is further

ORDERED that a copy of this Order be served upon all answering defendants within __7_____ days from the date hereof.


                                        */s/ Paul Innes*
                                        _____

                                        PAUL INNES, P. J. Ch

                                        Respectfully Recommended

                                        R. 1:34-6 OFFICE OF FORECLOSURE

# EXHIBIT B

LAW OFFICE OF
# FRANK J. MARTONE, P.C.
### A PROFESSIONAL CORPORATION
**1455 BROAD STREET**
**BLOOMFIELD, NJ 07003**

| | | |
|---|---|---|
| FRANK J. MARTONE ♦<br>DENNIS P. UHLMANN, JR*<br>CHRISTIAN DEL TORO<br>♦Also Admitted in Illinois<br>*Also Admitted in New York | **973.473.3000**<br><br>WWW.MARTONELAW.COM | GENERAL FACSIMILE<br>973.473.3243<br>REAL ESTATE FACSIMILE<br>973.473.7402<br>FIRM@MARTONELAW.COM |

September 26, 2019

**<u>Via Regular Mail</u>**
Mellinger, Sanders, and Kartzman, LLC
Attn:  Steven P. Kartzman
101 Gibraltar Drive, Suite F
Morris Plains, NJ 07950

Re:    Haven Savings Bank vs. Kalfus
      Case No. – 18-3396 VFP
      Our file – 27.0908

Dear Mr. Kartzman:

We are in receipt of your letter wherein you are requesting a refund in the amount of $15,514.00 from Haven Savings Bank.  Please note that this file was a sale to transfer property from Michael and Robin Kalfus to John and Margaret Cortese for the property located at 68 Hillcrest Road, Boonton, NJ.

On December 1, 2017, we received the request from John J. Scura III requesting an updated payoff of the loan for a pending sale of the property.  We provided the payoff as requested to satisfy the mortgage in order to convey title to the new owners.  The motion to approve the sale included our calculations and was entered by Judge Papalia.

In your letter, you allude to paying a lesser amount, which would have been just to satisfy the judgment, however this was not what was requested nor is it was Judge Papalia Order.  The Order calls for the entire secured claim held by Haven Savings Bank to be paid, not the foreclosure judgment amount. Further, if the full amount were not paid, Haven would not have discharged the mortgage of record and cleared title as the mortgage would not have been discharged of record, and all that would have been provided is a satisfaction of judgment.

The borrowers received a full discharge of Mortgage, and the full amount per the Order was paid. After an audit of the account was done, a refund of $253.79 was also issued to the borrowers.

Please let me know if you have any other questions.

Sincerely,
Frank J. Martone, PC

Dennis P. Uhlmann, Jr., Esq.

## *Mellinger, Sanders & Kartzman, LLC*

ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

(973) 267-0220

FAX (973) 267-3979

www.msklawyers.com

E-MAIL  SKARTZMAN@MSKLAW.NET
JZAPATA@MSKLAW.NET
JLOEWENSTEIN@MSKLAW.NET

LOUIS P. MELLINGER
MICHAEL S. SANDERS
STEVEN P. KARTZMAN
JOSEPH R. ZAPATA, JR.
JUDAH B. LOEWENSTEIN
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
WALTER G. LUGER

PETER ROSEN
ROBERT D. ROSEN
TERRI JANE FREEDMAN
JOSÉ R. TORRES

Essex County Office
46 Essex Street
Millburn, N.J. 07041
(973) 218-0220

**PLEASE RESPOND TO:**
**MORRIS PLAINS**

September 4, 2019

SECOND REQUEST
9/25/19

Frank J. Martone, Esq.
**Frank J. Martone, P.C.**
1455 Broad Street
Bloomfield, New Jersey 07003

Re:   **Haven Savings Bank v. Kalfus**
**Case No. 18-13396 VFP**
**Your File 27.0908**

Dear Frank:

Thank you for your reply to my letter of July 3rd.  However, while you provided a copy of the payoff letter which demanded $671,699.25 to satisfy Haven's mortgage through April 13, 2018, that amount was not correct.  Prior thereto on October 11, 2017, Haven obtained a foreclosure judgment for $632,944.48, plus interest at 4.25% from June 13, 2017 to October 11, 2017 on $603,334.29, plus costs including legal fees of $7,289.44.  Therefore, I calculate the amount due Haven as of April 13, 2018, as follows:

  $632,944.48 to 6/13/17
  $8,430.15 to 10/11/17 at 4.25% on $603,334.29
  $7,521.02 to 4/13/18 at 2.5% on $603,334.29
  $7,289.44  Costs
$656,185.09  Total

If I am in error somewhere, please so inform me.  If not, please confirm that Haven will refund $15,514.00 to the estate.

Thank you.

Very truly yours,

SPK/dmz

STEVEN P. KARTZMAN

# EXHIBIT C

Christian Del Toro, Esq. - #210132016                27.0908
FRANK J. MARTONE, P.C.
1455 BROAD STREET
BLOOMFIELD, NJ  07003
973-473-3000
Attorneys for Plaintiff

---

Plaintiff

HAVEN SAVINGS BANK

vs.

Defendant(s)

MICHAEL D. KALFUS, et al.

---

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MORRIS COUNTY

Docket No.:  F-004275-17

Civil Action

**ORDER VACATING FINAL JUDGMENT,
SETTING ASIDE EXECUTION, AND
DISMISSING THE FORECLOSURE**

**THIS MATTER** being opened to the Court by Frank J. Martone, P.C., attorneys for Plaintiff, and it appearing that the above-entitled action has amicably settled between parties, and for good cause shown;

**IT IS** on this _____ day of __May 3, 2018_____,

**ORDERED** that the Final Judgment and Writ of Execution entered in the above-entitled action on **October 11, 2017** be and the same are hereby vacated and set aside; and it is further

**ORDERED** that the above-entitled action is hereby dismissed, without prejudice, and without costs in favor of or against any party.

/s/ Paul Innes, P.J.Ch

J.S.C.

Respectfully Recommended
R. 1:34-6 OFFICE OF FORECLOSURE