# MELLINGER KARTZMAN LLC
## ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

Tel: (973) 267-0220
Fax: (973) 267-3979

LOUIS P. MELLINGER
STEVEN P. KARTZMAN
JOSEPH R. ZAPATA, JR.
JUDAH B. LOEWENSTEIN
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

www.msklawyers.com

OF COUNSEL
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN

Electronic Mail:
skartzman@msklaw.net
jzapata@msklaw.net
jloewenstein@msklaw.net

February 7, 2020

**VIA EMAIL AND ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street, 3rd Floor
P.O. Box 1352
Newark, New Jersey 07101-1352

      Re:    Michael Kalfus and Robin Kalfus
              Case No. 18-13396 (VFP)

             Consent Order Extending Statute of Limitations Under Bankruptcy Code Sections
             108(a), 546(a) and 549(a) with Boston College

Dear Judge Papalia:

      As Your Honor is aware, our firm represents Steven P. Kartzman, the Court-appointed Chapter 7 Trustee (the "Trustee") in the above-captioned matter. Kindly accept this letter brief in response to the letter sent by counsel to the debtors, Michael Kalfus and Robin Kalfus, requesting that the Court vacate the Consent Order Extending Statute of Limitations Under Bankruptcy Code Sections 108(a), 546(a) and 549(a) with Boston College (the "Consent Order") entered by the Court on February 7, 2020 [Dkt. No. 153].

      First, the Debtors request that this Court vacate the Consent Order pending a hearing on an objection to the Consent Order, which the Debtors have not yet filed. It is respectfully submitted that until the Debtors can provide a legitimate basis for objecting to the entry of the Consent Order, there is no reason for the Court to entertain vacating the Consent Order.

Honorable Vincent F. Papalia
February 7, 2020
Page 2

_____

Second, the Debtors lack standing to even oppose the entry of the Consent Order. "Courts have held that '[t]he test to determine whether an entity is a party in interest is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.''" SWE&C Liquidating Trust v. Saudi Arabian Oil Company (In re Stone & Webster, Inc.), 373 B.R. 353, 361 (Bankr. D.Del. 2007) (quoting, Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 158 (D.N.J. 2005); see also Stone & Webster. v. Saudi Arabian Oil Company (In re Stone & Webster, Inc.), 335 Fed.Appx. 202, 204 (3rd Cir. 2009). The Consent Order is an agreement between the Trustee and Boston College to extend the time to bring an avoidance action, pending further discovery, and possible resolution without the need for litigation. The Debtors would not be a party to the litigation, would not have any stake in the outcome of the litigation, or even in the entry of the Consent Order, so as to have standing to object to the entry of the Consent Order. The right to bring avoidance actions is a right specifically afforded the Trustee under the Bankruptcy Code. Moreover, the Trustee could file suit tomorrow in advance of the statutory deadline. The Debtors would have no right to oppose such filing and/or intervene in any such adversary proceeding. As the Debtors lack such right, clearly the Debtors lack the right to oppose any agreement between the Trustee and Boston College, a third-party, to extend the deadline for the Trustee to exercise his statutory rights and duties.

As to the issue of the Debtors seeking authority to have the Trustee testify, the Trustee is not going to disclose his considerations with respect to potential avoidance actions against Boston College, and certainly not going to testify as to communications with his counsel regarding the same. There is nothing to be gained by authorizing the Debtors to have the Trustee testify as an adverse witness, other than for the purposes of harassment.

Wherefore, it is respectfully requested that the Court find that the Debtors do not having standing to oppose the entry of the Consent Order, and that such Consent Order not be vacated, so the Trustee can pursue and exercise his rights and duties in the best interest of the estate.

          Respectfully yours,

          */s/ Joseph R. Zapata, Jr.*

          JOSEPH R. ZAPATA, JR.

JRZ/
cc: Anthony Sodono, III, Esq. (via email and ecf)