**MS&B** McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, NJ 07068
(973) 622-1800

**Anthony Sodono, III**
Direct Dial: (973) 721-5038
Direct Fax: (973) 681-7233
asodono@msbnj.com

February 13, 2020

**Via ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Court
Martin Luther King Jr. Federal Building
50 Walnut Street
Newark, NJ  07102

   **Re: Michael and Robin Kalfus**
      **Chapter 7**
      **Case No. 18-13396 (VFP)**

Dear Judge Papalia:

  As you know, this firm represents Michael and Robin Kalfus, the Chapter 7 debtors (collectively, the "Debtors"), in the above referenced matter.  Please accept this letter in lieu of a moral formal objection to the Trustee's Application for Entry of a Consent Order [with Boston College ("BC")] Extending the Statute of Limitations Under Bankruptcy Code 108, 546(a), and 549(a) (Doc. No. 152) (the "Application").

  The objection deadline to the Application is February 13, 2020; however, the Consent Order Extending the Statute of Limitations Under Bankruptcy Code Sections 108, 546(a) and 549(a) was erroneously entered on February 6, 2020 (Doc. No. 153).  Based on the facts set forth below, the Court must deny the extension of the statute of limitations.

  This firm will also represent Max and Grant Kalfus, Debtors' sons if BC sues them.  Both the Debtors and their sons will be adversely affected by any lawsuit against BC.  The Debtors need to explore, among other reasons, the Trustee's substantial delay in his investigation and prosecution of claims.

Honorable Vincent F. Papalia
February 13, 2020
Page 2

The Trustee is harming Mr. and Ms. Kalfus and disrupting their family and lives by delaying the administration of this case without any valid reason. Certainly, a trustee has the right to investigate the acts, conducts, and affairs of a debtor; but a trustee does not have the unfettered right to keep a debtor trapped in a bankruptcy for as long as a trustee desires. Section 704 of the Bankruptcy Code states that "(a) The trustee shall (1) collect and reduce to money the property of the estate for which such trustee serves, <u>and</u> ***close the estate as expeditiously*** as is compatible with the best interest of parties in interest." (emphasis added). Further, the United States Trustee's Mission Statement provides, in part, for the "just, speedy and economic resolution of bankruptcy cases." Instead of "speedy" or "expeditious," this case has been slow, painful, and unnecessarily delayed. Such delay is a detriment to Mr. and Ms. Kalfus and, now, to add insult to injury, the Trustee seeks to further extend this case without jurisdiction. Although the Debtors have been discharged, the bankruptcy itself has been an anchor around their necks.

Bankruptcy is meant to obtain a fresh start; it is not an unending whimsical pursuit by a trustee to decide when, if, and how long it will take to get to the end line. The Trustee has had more than enough time to investigate causes of action. To continue this charade through a three-month extension is not equitable and is impairing the Debtors' lives.

## **Background**

On February 22, 2018, the Debtors filed a voluntary Chapter 11 petition. On August 1, 2018, the bankruptcy case was converted to Chapter 7. On August 6, 2018, Steven P. Kartzman was appointed as the Chapter 7 Trustee (the "Trustee"). On August 14, 2018, this firm substituted

Honorable Vincent F. Papalia
February 13, 2020
Page 3

in as bankruptcy counsel for the Debtors. On November 16, 2018, the Debtors received their discharge.

### **Trustee's Application**

On February 5, 2020, the Trustee filed the Application. The Application seeks the Trustee's approval to enter into a Consent Order with BC to extend the Trustee's statute of limitations to file avoidance actions. The Debtors' sons attended BC. Max graduated in 2014 and Grant graduated in 2019. The Trustee seeks this extension notwithstanding the Trustee's appointment in this case almost a year and a half ago. Without explanation, only recently, did the Trustee commence his pursuit of a potential action against BC. Any action against BC will affect the Debtors' sons and the Debtors. Inevitably, if the Trustee pursues BC, BC will pursue Max and/or Grant and in turn perhaps the Debtors will be joined in a lawsuit.

The Application states that the Trustee and BC require more time to investigate the claim (presumably the "claim" is the Trustee's pursuit of college tuition payments made by the Debtors for their sons). The Trustee waited until the eleventh hour to investigate any claims with BC and now seeks an extension to do so. The Trustee should have commenced his investigation more than a year ago. Only now, as the statute of limitations under Bankruptcy Section 546(a) is expiring, does the Trustee seek an extension.

There are limitations on avoidance powers. Pursuant to § 546(a), the Trustee has "the earlier of— (1) the later of— (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee . . ." 11 U.S.C. § 546(a)(1).

Honorable Vincent F. Papalia
February 13, 2020
Page 4

Thus, the Trustee would have until February 21, 2020, to file any avoidance actions. The Application seeks an additional three (3) months until May 22, 2020. By seeking extra time, the Trustee seeks to create havoc and harass the Debtors. The Trustee fails to provide the Court with a good faith basis as to why the statute of limitations needs to be extended.

This firm served the Trustee with a 2004 Subpoena in accordance with D.N.J. LBR 2004-1, for an examination of testimony and production of documents in connection with the Application. The Trustee has refused to accept service through his counsel or via email. The Debtors were forced to serve the Trustee personally. On February 12, 2020, Guaranteed Subpoena Service, Inc. successfully served the Trustee with the Subpoena. Before any decision is made on the extension, the Debtors have the right to conduct discovery, depose the Trustee, and have their day in court.

Further, D.N.J. LBR 9013-3(e), requires court authorization to present oral testimony at a hearing motion. This letter requests such authorization for testimony of the Trustee as an adverse witness. We will serve the Trustee with a trial subpoena.

**Facts and Other Relevant Issues**

It is evident from the Trustee's conduct that he has been delaying administration of this case without justification. The Debtors have a right to know why. Several examples of such delay include (1) failing to abandon the Vermont Property in a timely manner; (2) never abandoning Robin's Closet; (3) never abandoning Mammogrip; and (4) pursuing issues well after the Trustee was appointed.

Honorable Vincent F. Papalia
February 13, 2020
Page 5

**The Vermont Property**

The Debtors own rental property located at 106 Brookside Drive, Killington, Vermont (the "Vermont Property"). The Vermont Property had no equity; however, the Trustee refused to abandon his interests in the Vermont Property. Debtors' counsel repeatedly asked for proof from the Trustee as to whether there was equity in the Vermont Property. The Trustee could not provide any such proof because the mortgages and the IRS liens on the Vermont Property were at least $500,000 more than the value of Vermont Property. Further, Debtors' counsel sent multiple communications to the Trustee providing real estate "comps" and other supporting information. The Trustee still refused to abandon the Vermont Property.

The Trustee did not retain a broker and never provided Debtors' counsel with his own appraisal. Thus, there was no basis for the Trustee to refuse to abandon his interests in the Vermont Property except to harass the Debtors. As a result, the Debtors were forced to spend unnecessary funds for their counsel to file a motion to compel the Trustee to abandon his interests in the Vermont Property. Without opposition, the Trustee conceded and agreed to abandon his interests in the Vermont Property by consent order dated July 23, 2019.

It should not have taken almost a year at needless cost, time, and expense for the Trustee to realize the Vermont Property had no value. The Debtors reserve their rights to object to any and all fees the Trustee ultimately seeks regarding their year-long quest to have the Trustee abandon his interests in the Vermont Property. Without the constant push back of Debtors' counsel, the Trustee may still not have abandoned the Property.

Honorable Vincent F. Papalia
February 13, 2020
Page 6

After the Trustee was forced to consent to abandon his interests in the Vermont Property (because he had no defense), he now seeks additional delay to conduct further "investigations."

**Robin's Closet**

The Trustee then delved into Ms. Kalfus' business known as Robin's Closet. After an extensive investigation into Robin's Closet, he has yet to abandon his interests—continuing to confuse and frustrate Mr. and Ms. Kalfus.

**Mammogrip**

Thereafter, the Trustee investigated Mr. Kalfus' business known as Mammogrip—again with no success and at substantial cost and emotional stress to the Debtors. The Trustee has yet to abandon his interests in Mammogrip.

**Rule 2004 Subpoenas**

On December 13, 2019 (more than 16 months since his appointment), the Trustee served Subpoenas for Rule 2004 Examination on Syracuse University ("Syracuse"), BC, and American Express ("Amex") (collectively, the "Subpoenas"). The Trustee needs to explain the delay and his continual pursuit of Mr. and Ms. Kalfus. This is anything but a "just, speedy and economical" resolution of a case.

The Trustee continues his delayed pursuit and now some 16 months later, on January 15, 2020, served a Subpoena for Rule 2004 Examination to JP Morgan Chase Bank, N.A. ("Chase"). The subpoena to Chase seeks documents related to Debtors' accounts from 2014 to 2016.

Honorable Vincent F. Papalia
February 13, 2020
Page 7

### Outstanding Issues Remaining in Administration of Case

It has been two (2) years since the Debtors filed for bankruptcy, and they do not see an end in sight. The following list of issues remains outstanding:

- Trustee needs to abandon his interests in the membership interests in Robin's Closet;

- Trustee needs to abandon his interests in the membership interests in Mammogrip;

- resolution of Rule 2004 Subpoenas served on Syracuse, BC, Amex, and Chase;

- extension of time to file adversary actions; and

- perhaps other countless and costly pursuits.

### Conclusion

For the foregoing reasons, the Debtors hereby object to the Application and entry of a consent order between the Trustee and BC.

The Court's courtesies are much appreciated.

Respectfully submitted,

*/s/ Anthony Sodono, III*

Anthony Sodono III

AS:dp