**MELLINGER KARTZMAN LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

**Order Filed on April 8, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **MICHAEL KALFUS AND ROBIN KALFUS,** | Case No. 18-13396 (VFP) |
| Debtor. | Chapter 7 |
| | Honorable Vincent F. Papalia |

**ORDER DIRECTING TURNOVER OF PROPERTY OF THE ESTATE TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 542(a), AND DENYING CROSS-MOTION FILED BY THE DEBTORS TO COMPEL ABANDONMENT**

The relief set forth on the following page, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: April 8, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:     Michael and Robin Kalfus
Case No.:   18-13396 (VFP)
Caption:    Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a), and Denying Cross-Motion Filed by the Debtors to Compel Abandonment

---

This matter having been brought before the Court by motion of Steven P. Kartzman, the court-appointed Chapter 7 Trustee (the "Trustee"), by and through counsel, Mellinger Kartzman LLC, for entry of an order directing turnover of property of the estate to the Trustee pursuant to 11 U.S.C. § 542(a) (the "Motion"); and Michael and Robin Kalfus (the "Debtors") having filed opposition to the Motion (the "Opposition") [Dkt. No. 160]; and the Trustee having filed a reply to the Debtors' Opposition (the "Reply") [Dkt. No. 170]; and a hearing having been conducted on the Motion on February 25, 2020; and the Court having entered an Interim Order on Motion of the Chapter 7 Trustee for Entry of an Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a) (the "Interim Order") [Dkt. No. 171] on March 4, 2020; and the Debtors having filed a Cross-Motion Compelling Chapter 7 Trustee to Abandon Assets (the "Cross-Motion") [Dkt. No. 183]; and the Trustee having filed opposition to the Cross-Motion [Dkt. No. 189]; and a further hearing having been conducted on the Motion and the Cross-Motion on March 31, 2020; and it appearing that notice of the Motion has been duly served upon the parties concerned; and good and sufficient cause existing for entering the within Order; for the reasons on the record on both hearing dates, it is hereby

**ORDERED AS FOLLOWS**:

1. The Interim Order be, and is hereby, affirmed and incorporated herein by reference.

2. The Cross-Motion is denied.

3. The Debtors be, and are hereby, directed to turnover over to the Trustee the rents in excess of expenses received by the Debtors, post-petition, from the Debtors' real property

Debtor:   Michael and Robin Kalfus
Case No.:   18-13396 (VFP)
Caption:   Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a), and Denying Cross-Motion Filed by the Debtors to Compel Abandonment

---

located at 106 Brookside Drive, Killington, Vermont (the "Rental Property"), and acknowledged by the Debtor's in the Cross-Motion, in the sum of at least $32,369.51 (the "Base Turnover Amount"), within 15 days of the entry of this Order, to the extent such funds are in either or both of the Debtors' possession, custody or control.

4. To the extent that the Debtors fail to or are otherwise unable comply with the provisions of this Order, the Trustee may file a motion for entry of a judgment for a sum certain supported by a certification setting forth the Debtors' non-compliance, the basis on which the sum certain was calculated and any other matters the Trustee deems appropriate, including (without limitation) a legal memorandum in support of any additional relief (e.g., attorneys fees) sought.

5. The Debtors are not entitled to an exemption as to any of the Base Turnover Amount.

6. The Trustee and the Debtors shall make reasonable efforts to review and address the additional expenses, as provided in the Cross-Motion, to determine if additional amounts must be turned over as net rent in addition to the Base Turnover Amount. To the extent that the parties are unable to come to a resolution with respect to the additional expenses, the parties may submit certification(s) to the Court addressing the unresolved issues and a hearing shall be set by the Court with respect to the same. The Trustee reserves the right to pursue turnover of additional amounts of net rent, and the Debtors reserve the right to oppose a turnover of additional net rent.

7. The Trustee shall serve a copy of this Order on all interested parties within five (5) days from the date of entry.