| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **MELLINGER KARTZMAN LLC**<br>101 Gibraltar Drive, Suite 2F<br>Morris Plains, New Jersey 07950<br>Steven A. Jayson, Esq.<br>Tel. (973) 267-0220<br>sjayson@msklaw.net<br>*Attorneys for Steven P. Kartzman, Chapter 7 Trustee* | Order Filed on August 18, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**MICHAEL KALFUS and ROBIN KALFUS,**<br><br>                                    Debtors. | Case No. 18-13396 (VFP)<br><br>Chapter 7<br><br>Honorable Vincent F. Papalia<br><br>Hearing Date: August 17, 2021 |

### ORDER ESTABLISHING A BAR DATE FOR FILING CERTAIN CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE THEREOF

The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

**DATED: August 18, 2021**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor: Robert Kalfus and Robin Kalfus
Case No.: 18-13396 (VFP)
Caption: Order Establishing a Bar Date for Filing Certain Administrative Claims and Approving Form, Manner, and Sufficiency of Notice Thereof

---

THIS MATTER having been brought before the Court by Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger Kartzman LLC, for entry of an Order Establishing a Bar Date for Filing Certain Administrative Claims and Approving Form, Manner, and Sufficiency of Notice Thereof (the "Motion"); and the Court having considered the moving papers, the objections thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interest of the Estate; and good and sufficient notice of the Motion having been provided to all parties in interest as set forth in the Certification of Service filed with the Court; and good cause appearing for the entry of this Order, it is hereby:

**ORDERED AS FOLLOWS:**

1.      Pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, all entities, including individuals, partnerships, corporations, estates, trusts and governmental units holding a claim as defined in 11 U.S.C. § 101(5) against the Debtor that constitutes an Administrative Claim (hereinafter defined) arising on or after February 22, 2018 and before August 1, 2018, must file a request for an allowance of such Administrative Claim on or before October 1, 2021 (the "Administrative Bar Date") with the Clerk of the United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark New Jersey 07102, and simultaneously serve a copy on the Trustee's counsel at Mellinger Kartzman LLC, Attn: Steven A. Jayson, Esq., 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950.

2.      For purposes of this Order, an Administrative Claim shall include any Claim (as defined in 11 U.S.C. § 101(5)) with respect to which a holder intends to seek priority of payment

Debtor:    Robert Kalfus and Robin Kalfus
Case No.:  18-13396 (VFP)
Caption:   Order Establishing a Bar Date for Filing Certain Administrative Claims and Approving Form, Manner, and Sufficiency of Notice Thereof

---

pursuant to 11 U.S.C. §§ 503 and 507(a)(2), except that holders of the following types of administrative expense claims need not file requests for allowance of such claims by the Administrative Bar Date: (i) administrative claims of professionals retained pursuant to 11 U.S.C. §§ 327 and 328, and (ii) all fees payable and unpaid pursuant to 28 U.S.C. § 1930.

3. All entities required to file a request for allowance of an Administrative Claim as provided by this Order, but which fail to do so on or before the Administrative Bar Date, shall not, with respect to any such claim, be treated as a creditor of the Debtor for purposes of allowing such claim, and such claims shall forever be barred.

4. All requests for allowance of Administrative Claims must be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

5. Mellinger Kartzman LLC, the Trustee's counsel, be and is hereby authorized to serve the Notice of the Administrative Bar Date, in substantially the form annexed hereto as **Exhibit "A"** (the "Notice"), which form of Notice is hereby approved, by mailing a copy of the Notice to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) all known creditors; (iii) all parties known by the Trustee to have provided post-petition goods and/or services to the Debtor after the Filing Date; (iv) the Internal Revenue Service; (v) the State of New Jersey; (vi) all parties who have filed and served a Notice of Appearance on the Debtor.

6. The Trustee is hereby further authorized and directed to publish the Notice, within seven (7) days of the entry of this Order, in The Star Ledger for two (2) consecutive business days.

7. The terms of the Notice be and are hereby incorporated into this Order as if fully set forth herein and approved in all respects.

| | |
|---|---|
| Debtor: | Robert Kalfus and Robin Kalfus |
| Case No.: | 18-13396 (VFP) |
| Caption: | Order Establishing a Bar Date for Filing Certain Administrative Claims and Approving Form, Manner, and Sufficiency of Notice Thereof |

---

8. The notice provided by the Notice and by the publication required by the terms of this Order is hereby deemed sufficient notice of the Administrative Bar Date for filing administrative expense proofs of claim in accordance with FED. R. BANKR. P. 2002(a)(7), (l), and (m).

9. A copy of this Order shall be served on all parties who are affected by this action within seven (7) days of the date hereof.

# EXHIBIT "A"

**MICHAEL KALFUS and ROBIN KALFUS**
**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY**
**CASE NO. 18-13396 (VFP)**

**DEADLINE TO FILE AN ADMINISTRATIVE PROOF OF CLAIM: OCTOBER 1, 2021**

COMMENCEMENT OF CASE: On February 22, 2018, Michael Kalfus and Robin Kalfus (the "Debtor" or "Kalfus") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The case was converted to Chapter 7 on August 1, 2018. All documents filed with the Court are available for inspection at the Office of the Clerk of the Bankruptcy Court, Martin Luther King, Jr. Federal Building & Courthouse, 50 Walnut Street, Newark, NJ 07102, Phone: 973-645-4764. NOTE: The staff of the Bankruptcy Clerk's Office is prohibited by law from giving legal advice.

**NOTICE OF ADMINISTRATIVE CLAIMS BAR DATE. NOTICE IS HEREBY GIVEN THAT** the United States Bankruptcy Court for the District of New Jersey has fixed October 1, 2021, as the last date (the "Administrative Claims Bar Date") by which all entities, including individuals, partnerships, corporations, estates, trusts and governmental units (collectively, "Person") holding Administrative Claims (as defined below) against the Debtor that arose on or after February 22, 2018, but prior to August 1, 2018, must file a request for allowance of such Administrative Claims. Any Person who asserts such an Administrative Claim and wishes to have such Administrative Claim allowed by the Court and paid by the Trustee must file a Chapter 11 administrative proof of claim with the Office of the Clerk of the Bankruptcy Court, so that it is received by the Bankruptcy Clerk's Office, Martin Luther King, Jr. Federal Building & Courthouse, 50 Walnut Street, Newark, NJ 07102, and the Trustee's counsel (at the address set forth below), no later than October 1, 2021. All requests for the allowance of payment of Administrative Claims shall conform substantially to N.J. LBR 3001-1(a) (Mandatory Form *Request for Payment of Administrative Expense*) of the Official Bankruptcy Forms, and must be marked with the words "Administrative Proof of Claim." **SHOULD YOU FAIL TO FILE A TIMELY REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM, SUCH CLAIM SHALL NOT BE ALLOWED BY THE COURT OR PAID BY THE ESTATE.**

For purposes of this Notice, an Administrative Claim is a Claim (as hereinafter defined) with respect to which a holder intends to seek priority of payment pursuant to 11 U.S.C. §§ 503 and 507(a)(1) of the Bankruptcy Code, except that holders of the following types of administrative expense claims need not file requests for allowance of such Claims by the Administrative Claims Bar Date: (i) administrative claims of professionals retained pursuant to 11 U.S.C. §§ 327 and 328 of the Bankruptcy Code, and (ii) all fees payable and unpaid pursuant to 28 U.S.C. § 1930.

For purposes of this Notice, a Claim means (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured. Additional information regarding the filing of administrative expense claims and/or a complete copy of the Trustee's motion papers for an Order fixing the Administrative Bar Date may be obtained from the Trustee's counsel at the following address: Mellinger Kartzman LLC, Attn: Steven A. Jayson, Esq., 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950, Telephone No. (201) 267-0220.

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 18-13396-VFP

Michael Kalfus  Chapter 7

Robin Kalfus

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2  User: admin  Page 1 of 3
Date Rcvd: Aug 19, 2021  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**  **Definition**

+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#   Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 21, 2021:**

**Recip ID**  **Recipient Name and Address**
db/jdb  #+  Michael Kalfus, Robin Kalfus, 7 Lakeview Terrace, Montville, NJ 07045-9158

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 21, 2021  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 19, 2021 at the address(es) listed below:**

**Name**  **Email Address**

Anthony Sodono, III
    on behalf of Joint Debtor Robin Kalfus asodono@msbnj.com

Anthony Sodono, III
    on behalf of Defendant Michael Kalfus asodono@msbnj.com

Anthony Sodono, III
    on behalf of Defendant Robin Kalfus asodono@msbnj.com

Anthony Sodono, III
    on behalf of Debtor Michael Kalfus asodono@msbnj.com

Anthony Sodono, III

Case 18-13396-VFP    Doc 217    Filed 08/21/21    Entered 08/22/21 00:11:16    Desc
Imaged Certificate of Notice    Page 8 of 9

| District/off: 0312-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Aug 19, 2021 | Form ID: pdf903 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Defendant Michael and Robin Kalfus asodono@msbnj.com |
| Caitlin Conklin | |
| | on behalf of Creditor Lakeland Bank caitlin.conklin@klgates.com  Aidan.Nowak@klgates.com |
| Charles Michael Rowan | |
| | on behalf of Creditor Albert Kenney mrowan@herzfeld-rubin.com |
| Christian Del Toro | |
| | on behalf of Creditor Haven Savings Bank cdeltoro@martonelaw.com  bky@martonelaw.com |
| David Gerardi | |
| | on behalf of U.S. Trustee U.S. Trustee david.gerardi@usdoj.gov |
| Denise E. Carlon | |
| | on behalf of Creditor VW Credit Leasing  Ltd dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Elizabeth L. Wassall | |
| | on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK  AS TRUSTEE (CWALT 2005-J9) ewassall@logs.com, njbankruptcynotifications@logs.com;logsecf@logs.com |
| Eugene Killian, Jr. | |
| | on behalf of Defendant Syracuse University ekillian@tkfpc.com  lstudwell@tkfpc.com;rmilun@tkfpc.com |
| Forrest Scott Turkish | |
| | on behalf of Attorney Forrest Turkish fsturkish@aol.com |
| Frank J Martone | |
| | on behalf of Creditor Haven Savings Bank bky@martonelaw.com |
| Guillermo Gonzalez | |
| | on behalf of Joint Debtor Robin Kalfus ggonzalez@scura.com ecfbkfilings@scuramealey.com;dstevens@scura.com;jromero@scura.com;mduran@scura.com;vmajano@scura.com;rshah@scura.com;martinezcr93878@notify.bestcase.com;apasku@scura.com;sduarte@scura.com;eflaim@scura.com |
| Guillermo Gonzalez | |
| | on behalf of Debtor Michael Kalfus ggonzalez@scura.com ecfbkfilings@scuramealey.com;dstevens@scura.com;jromero@scura.com;mduran@scura.com;vmajano@scura.com;rshah@scura.com;martinezcr93878@notify.bestcase.com;apasku@scura.com;sduarte@scura.com;eflaim@scura.com |
| John O'Boyle | |
| | on behalf of Plaintiff Osborn Financial Group  LLC joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com |
| John A. Fialcowitz | |
| | on behalf of Plaintiff Fishman consulting group  llc john@fialcowitzlaw.com |
| Joseph L. Schwartz | |
| | on behalf of Interested Party The County of Morris  Morris County Sheriff's Office jschwartz@riker.com |
| Judah B Loewenstein | |
| | on behalf of Trustee Steven P. Kartzman jloewenstein@msklaw.net sjayson@msklaw.net;pmasiello@msklaw.net;donnaz@msklaw.net |
| Judah B Loewenstein | |
| | on behalf of Plaintiff Steven P. Kartzman jloewenstein@msklaw.net sjayson@msklaw.net;pmasiello@msklaw.net;donnaz@msklaw.net |
| Mark E. Hall | |
| | on behalf of Mediator Mark Hall mhall@foxrothschild.com  cbrown@foxrothschild.com |
| Matteo Percontino | |
| | on behalf of Creditor Lakeland Bank mpercontino@coleschotz.com |
| Melissa S DiCerbo | |
| | on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK  AS TRUSTEE (CWALT 2005-J9) nj-ecfmail@mwc-law.com, nj-ecfmail@ecf.courtdrive.com |
| Rebecca Ann Solarz | |
| | on behalf of Creditor VW Credit Leasing  Ltd rsolarz@kmllawgroup.com |
| Richard Honig | |
| | on behalf of Mediator Richard B. Honig rbhonig@hlgslaw.com |
| Richard James Tracy, III | |
| | on behalf of Creditor The Bank of New York Mellon  FKA The Bank of New York, as Trustee for the Certificateholders of Cwalt Alternative Loan Trust 2005-J9, Mortgage Pass-Through Certificates, Series 2005-J9 by its servicin richard.tracy.iii@gmail.com, tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com |
| Sari Blair Placona | |
| | on behalf of Debtor Michael Kalfus splacona@msbnj.com |
| Sari Blair Placona | |

District/off: 0312-2 User: admin Page 3 of 3
Date Rcvd: Aug 19, 2021 Form ID: pdf903 Total Noticed: 1

| | |
|---|---|
| | on behalf of Joint Debtor Robin Kalfus splacona@msbnj.com |
| Steven A. Jayson | on behalf of Trustee Steven P. Kartzman sjayson@msklaw.net<br>jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net |
| Steven P. Kartzman | on behalf of Trustee Steven P. Kartzman kartztee@optonline.net<br>nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net |
| Steven P. Kartzman | on behalf of Plaintiff Steven P. Kartzman kartztee@optonline.net<br>nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net |
| Steven P. Kartzman | kartztee@optonline.net<br>nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net |
| Steven P. Kelly | on behalf of Defendant American Express National Bank skelly@sterneisenberg.com  bkecf@sterneisenberg.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| William L. Waldman | on behalf of Creditor Lakeland Bank william.waldman@klgates.com  waldmanw@aol.com |

TOTAL: 36